IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | |
| v. | Case No. 22-CR-30108-SPM |
| **GABRIEL BOYD,** | |
| **Defendant.** | |

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

This matter comes before the Court on Defendant Gabriel Boyd's *pro se* Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582(c) and § 1B1.10 of the United States Sentencing Guidelines Manual [hereinafter Sentencing Guidelines], making Amendment 821 retroactive (Doc. 28).

On July 12, 2024, Assistant Federal Public Defender Todd Schultz was appointed to represent Defendant Boyd pursuant to Administrative Order 362. (*See* Doc. 31). On July 22, 2024, Attorney Schultz filed a Motion to Withdraw as Attorney because "counsel can discern no non-frivolous basis for seeking relief for Defendant." (Doc. 33, p. 2). Attorney Schultz states that Boyd "is serving a term of imprisonment imposed upon revocation of supervised release" which renders him ineligible for a sentence reduction pursuant to Amendment 821. (*See id.*, pp. 1–2 (citing Sentencing Guidelines § 1B1.10 App. Note 8(A) ("This section does not authorize a reduction in term of imprisonment imposed upon revocation of supervised release."))). Defendant Boyd did not respond to Attorney Schultz's Motion to Withdraw as Attorney.

Accordingly, Defendant Boyd's *pro se* Motion for Sentence Reduction pursuant to Amendment 821 (Doc. 28) is **DENIED**. Attorney Schultz's Motion to Withdraw as Attorney (Doc. 33) is **GRANTED**.

**IT IS SO ORDERED.**

**DATED:  August 28, 2024**

s/ *Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**U.S. District Judge**
